## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FRANCOIS RENIA and ETHAN MERBAUM,      )
individually and on behalf of other similarly      )
situated persons,      )          CASE No. 6:19-cv-1724
      )
                    Plaintiff,      )          CLASS AND COLLECTIVE
      )          ACTION CLAIMS
            v.      )
      )          **JURY TRIAL DEMANDED**
CURTIS PROTECTIVE SERVICES, INC.,      )
      )
                    Defendant.      )

## COMPLAINT

Plaintiffs Francois Renia and Ethan Merbaum, individually and on behalf of all others similarly situated, for their Complaint against Defendant Curtis Protective Services, Inc. ("CPSI"), hereby state and allege as follows:

1.      CPSI operates a security guard and mobile patrol business in Florida and Georgia, including substantial business in Orange County, Florida.

2.      CPSI requires that its security guards report to its facilities at the beginning of shifts. There, CPSI requires the security guards to perform detailed inspections of CPSI's mobile patrol vehicles, inspect various items of equipment and supplies located on, or within, the patrol vehicles, complete an inspection form, and address any deficiencies noted in the inspection. From there, the security guards drive CPSI's mobile patrol vehicles to their assigned work locations ("Posts"). At the end of each shift, CPSI requires its security guards to drive back to CPSI's facilities to return their patrol vehicles and paperwork. Drives between CPSI's facilities and the Posts sometimes consume more than one hour each way.

1

3.     CPSI does not pay its security guards for the time that they spend inspecting CPSI's patrol vehicles.

4.     CPSI systematically deducts pay for the first 30 minutes required to drive CPSI's patrol vehicles from CPSI's facilities to Posts and up to another 30 minutes required to drive CPSI's patrol vehicles back from Posts to CPSI's facilities at the end of each shift. Thus, CPSI systematically "shaves" up to one hour worth of work time from each security guard's pay per shift.

5.     CPSI's conduct violates the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, breaches its implied contract with its security guards and/or results in unjust enrichment to CPSI.

6.     Plaintiff Renia brings Count I as a collective action under the FLSA on behalf of herself and all similarly situated security guards to recover unpaid overtime wages within three (3) years preceding the filing of this Complaint and Plaintiffs Renia and Merbaum bring Counts II and III as a class action under the Florida common law of contract and unjust enrichment seeking to recover unpaid regular wages owed to themselves and all similarly situated security guards employed by CPSI within five (5) years preceding the filing of this Complaint.

**Jurisdiction and Venue**

7.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's overtime pay provisions.  Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

8.     This Court maintains supplemental jurisdiction over the state law claims as they are so related to the FLSA claim, which falls within the Court's original jurisdiction, that the state law

claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

9.     Venue in this District and Division is proper under 28 U.S.C. § 1391(b) and (c) because CPSI maintains its principal place of business within this District and Division, conducts regular business in this District and Division, employed Plaintiffs in this District and Division, and substantial unlawful conduct giving rise to the claims occurred in this District and Division.

<b>Parties</b>

10.     Defendant CPSI is a Florida corporation which has operated a security and mobile patrol business in Florida and Georgia, including maintenance of its principal office at 750 South Orange Blossom Trail, Suite 96, Orlando, Florida, 32805 in Orange County, Florida during times relevant.

11.     Plaintiff Francois Renia is a resident of Orange County, Florida who was employed by CPSI as a security guard from about June 2017 to June 2019.

12.     Plaintiff Ethan Merbaum is a resident of Seminole County, Florida who was employed by CPSI as a security guard from about April 2019 through June 2019.

<b>General Allegations</b>

*Defendant's Business*

13.     During the recovery period, CPSI has owned and operated a security and mobile patrol business in Florida.

14.     CPSI employs numerous security guards to perform security services and mobile patrols for its clients (hereinafter collectively "Security Guards").

15.     CPSI maintains a fleet of mobile patrol vehicles, which the Security Guards use to deter crime and to perform patrol services at and around CPSI's customer's premises.

16.     Each patrol vehicle within CPSI's mobile patrol fleet is distinctively painted to resemble a law enforcement vehicle.

17.     Each patrol vehicle within CPSI's mobile patrol fleet is equipped with emergency vehicle lights and a siren.

18.     CPSI obtains clients by advertising its "clearly marked patrol vehicles" which "deter criminal activity and inspire confidence in those who live and work in that space." *See* https://curtissecurity.com/mobile-patrol/.

19.     CPSI obtains clients by advertising its "[d]ependable fleet of patrol cruisers fully equipped with today's technology." *See* https://curtissecurity.com/.

20.     CPSI obtains clients by advertising that "[e]ach vehicle is equipped with GPS patrol confirmation, audio-video recording devices, and in-car computers for immediate communication with the Curtis Service Center." https://curtissecurity.com/mobile-patrol/.

21.     CPSI prominently features photographic images of its patrol vehicles, which resemble police cars, on its internet website. *See, e.g.,* https://curtissecurity.com/residential-security/.

22.     CPSI further advertises its services by requiring its Security Guards to drive its distinctively painted red, white and blue patrol fleet vehicles, which prominent display CPSI's stylized business name, telephone number and internet address.

23.     CPSI's Security Guards have the same primary job duty of providing security services and conducting mobile patrols.

***CPSI's Contract with its Security Guards***

24.     CPSI has entered into valid binding contracts with Plaintiffs and its other Security Guards under which CPSI offered them specified hourly wage calculated pursuant to CPSI's

standard form document titled "Pay Rate and Bonuses" in exchange for work performed and Plaintiffs and the other Security Guards accepted that offer by working for CPSI as Security Guards.

*The Security Guards' Duties*

25.     CPSI requires that its Security Guards report to its facilities at the beginning of each assigned shift.

26.     At CPSI's facility, CPSI requires its Security Guards to perform detailed inspections of its mobile patrol vehicles, and equipment and supplies located on, and within, those vehicles, including inspection of:

a.     Headlights

b.     Emergency Flashers

c.     Light bar

d.     Camera

e.     GPS

f.     Oil

g.     Brake Fluid

h.     Coolant

i.     Transmission Fluid

j.     Tire Pressure

k.     Seat Organizer

l.     Lock Box

m.     Ticket Holder

n.     Ticket Books

o.    Traffic Vest

p.    Flash Light

q.    Door Hangers

r.    Tire Gauge

s.    Forms

t.    E-Pass

u.    Fuel Card

v.    Registration Document

w.    Insurance Document

x.    First Aid Kit

y.    Breathing Mask

z.    Fire Extinguisher

aa.    Caution Tape

bb.    Spare Tire

cc.    Tire Jack

dd.    Bungee Cord

ee.    Plastic Sign Straps

ff.    Tire Inflator

gg.    Tire Repair Kit

27.    CPSI's required vehicle inspections also encompass recording of the following information:

a.    Vehicle Number

b.    Officer

    c.      Date

    d.      Mileage (Start)

    e.      Mileage (Finish)

    f.      Total Mileage

    g.      "Oil Change Due"

28.     CPSI requires its Security Guards to contemporaneously complete a standard inspection form titled "Vehicle Checklist" based on every mobile patrol vehicle inspection they perform.

29.     CPSI requires its Security Guards to report and address any deficiencies noted as part of each vehicle inspection.

30.     After conducting the beginning-of-shift vehicle inspections and completing the "Vehicle Checklist," CPSI's Security Guards drive CPSI's patrol vehicles to their assigned Posts.

31.     In doing so, the Security Guards transport CPSI's mobile patrol vehicles, and the equipment and supplies used in the Security Guards work and mobile patrols, to CPSI's clients' premises.

32.     Sometimes, those drives from CPSI's facilities to assigned Posts consume longer than one hour.

33.     At the assigned Posts, CPSI's Security Guards use the patrol vehicles to patrol CPSI's client's premises and to deter crime.

34.     At the assigned Posts, CPSI's Security Guards sometimes use the equipment and supplies located in, or attached to, CPSI's patrol vehicles to perform their primary job duties of providing security services and conducting mobile patrols.

35.     At the end of each assigned shift, CPSI's Security Guards drive CPSI's patrol vehicles back to CPSI's facilities, where they park those vehicles, note any additional issues with the vehicles or the equipment and supplies, and submit paperwork to CPSI.

36.     Sometimes, those drives from assigned Posts back to CPSI's facilities consume longer than one hour.

*CPSI's Timekeeping Practices*

37.     CPSI fails and refuses to pay its Security Guards for the time they spend performing CPSI's required inspections of its mobile patrol vehicles, recording information about those vehicles, completing the inspection forms, and reporting deficiencies noted during the vehicle inspections.

38.     CPSI systematically deducts pay for up to the first 30 minutes required of the Security Guards to drive CPSI's patrol vehicles from CSP's facilities to each Post and deducts up to another 30 minutes required of the Security Guards to drive CPSI's patrol vehicles back from each Post to CPSI's facilities at the end of each shift.

39.     In response to Plaintiff Merbaum's complaint regarding underpayment of wages, on June 14, 2018, CPSI's "Chief" and owner, John Campbell, emailed Plaintiff Merbaum admitting CPSI's systematic "time shaving:" "Curtis only pays for drive time over 30 minutes, so after the 30 minute mark starts the drive time which we pay for. So if it takes you 2 hours to get to a post we will pay for 1 ½ hours of your drive time each way."

40.     Thus, CPSI systematically fails to pay for work time performed by each Security Guard.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

**Count I:  FLSA Claim**

41.     Plaintiff Renia brings the FLSA claim asserted herein (Count I) as an "opt-in" collective action on behalf of all similarly situated Security Guards who file a consent to join under 29 U.S.C. § 216(b).

42.     Plaintiff Renia, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging CPSI's practices of failing to pay its Security Guards overtime compensation.

43.     Plaintiff Renia and all of the other Security Guards are similarly situated in that:

(a)     They have worked for CPSI as Security Guards;

(b)     Pursuant to CPSI's uniform policy and requirement, they have inspected CPSI's mobile patrol vehicles, including recording information, completing inspection forms and reporting any deficiencies noted;

(c)     Pursuant to CPSI's uniform policy and requirement, they have driven CPSI's mobile patrol vehicles from CPSI's facilities to Posts;

(b)     Pursuant to CPSI's uniform policy and requirement, they have driven CPSI's mobile patrol vehicles back from Posts to CPSI's facilities;

(e)     Pursuant to CPSI's uniform policy and requirement, they have not been paid for the time they have spent inspected CPSI's mobile patrol vehicles, including recording information, completion of inspection forms and reporting any deficiencies; and

(f)     Pursuant to CPSI's uniform policy and requirement, they have not been paid for the first 30 minutes of each drive between CPSI's facilities and Posts.

**Counts II & III:  Breach of Contract and Unjust Enrichment**

44.     Plaintiffs bring their breach of contract claim (Counts II) and unjust enrichment claim (Count III) as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and as the Class Representative of the following persons ("the Florida Class"):

> All current and former Security Guards employed by Defendant Curtis Protective Services, Inc. in the State of Florida since the date five (5) years preceding the filing of this Complaint.

45.     The claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Florida Class.

46.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

47.     The Florida Class satisfies the numerosity standard of Fed. R. Civ. P. 23(a)(1) as it is believed to consist of at least hundreds of persons who are believed to be geographically dispersed.  As a result, joinder of all Florida Class members in a single action is impracticable.  Florida Class members may be informed of the pendency of this class action through direct mail.

48.     Questions of fact and law common to the Florida Class predominate over any questions affecting only individual members within the scope and meaning of Fed. R. Civ. P. 23(b)(3). The questions of law and fact common to the Florida Class arising from Defendant's actions include, without limitation:

   a. Whether the Florida Class members entered into contracts with CPSI requiring payment of wages;

   b. Whether the Florida Class members have worked as Security Guards for CPSI;

c.    Whether the Florida Class members have inspected CPSI's patrol vehicles;

d.    Whether the Florida Class members have driven CPSI's patrol vehicles from CPSI's facilities to Posts;

e.    Whether the Florida Class members have driven CPSI's patrol vehicles from Posts back to CPSI's facilities;

f.    Whether CPSI has paid the Florida Class members for the time they have spent inspecting CPSI's mobile patrol vehicles;

f.    Whether CPSI has "shaved" up to one hour's worth of time per shift from the Florida Class members' pay;

g.    Whether CPSI's conduct violated its contracts with the Florida Class members; and

h.    If not, whether CPSI's conduct has unjustly enriched CPSI.

49.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims within the scope and meaning of Fla. R. Civ. P. 23(b)(3).

50.    The claims of Plaintiffs Renia and Merbaum are typical of those of the Florida Class within the scope and meaning of Fed. R. Civ. P. 23(a)(3) in that Florida Class members have been employed in the same Security Guard position as Plaintiffs and the Florida Class members have been subject to the same unlawful practices as Plaintiffs, including failure to pay for vehicle inspection duties and "time shaving" of up to one hour per shift.

51.     Plaintiffs are adequate representatives of the Florida Class within the scope and meaning of Fed. R. Civ. P. 23(a)(4) because they are members of the Florida Class and their interests do not conflict with the interest of the members of the Florida Class members they seeks to represent. The interests of the members of the Florida Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

52.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Florida Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Florida Class members.

## CLAIMS

### COUNT I:     VIOLATION OF THE FLSA

53.     Plaintiff Renia reasserts and re-alleges the allegations set forth above.

54.     At all times material herein, Plaintiff Renia and similarly situated Security Guards have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

55.     The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce or employed in an enterprise engaged in commerce. 29 U.S.C. § 207(a)(1).

56.     CPSI is subject to the overtime pay requirements of the FLSA because it constitutes an enterprise engaged in interstate commerce and its Security Guards are engaged in interstate commerce.

57.     During all times relevant to this action, CPSI has been the Security Guards' "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

58.     During all times relevant to this action, the Security Guards have been CPSI's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

59.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations; however, none of those exemptions apply to CPSI's Security Guards. *Id.*

60.     Pursuant to the FLSA, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

61.     CPSI violated the FLSA by failing to pay the Security Guards' overtime wages as required by the FLSA. 29 U.S.C. § 207(a).

62.     Plaintiff Renia and all of the other Security Guards are victims of a uniform compensation policy.

63.     Plaintiff Renia and the other Security Guards are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because CPSI acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

64.     CPSI has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, the Security Guards

are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find that CPSI is not subject to an award of liquidated damages, the Security Guards are entitled to an award of prejudgment interest at the applicable legal rate.

66.     As a result of the aforesaid violations, CPSI is liable under 29 U.S.C. § 216(b) for Plaintiff Renia's reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff Renia and all similarly situated Security Guards demand judgment against CPSI and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II – BREACH OF CONTRACT

67.     Plaintiffs repeat, reallege and incorporate by reference each of the foregoing allegations as though fully set forth herein.

68.     CPSI entered into valid binding contracts with Plaintiffs and the other Florida Class members under which CPSI offered them specified hourly wages in exchange for work performed and Plaintiffs and the Florida Class accepted that offer by working for CPSI as Security Guards.

69.     By failing to pay for vehicle inspection duties and by "shaving" time worked by Plaintiffs and the Florida Class, CPSI materially breached and violated such contracts by failing to pay Plaintiffs and the other Florida Class members wages promised them in advance by CPSI.

70.     Prior to CPSI's breach and violation of the contracts, Plaintiffs and the Florida Class fully performed their duties under the contracts and / or accepted the benefits offered by working for CPSI as Security Guards.

71.     The Court should therefore hold CPSI in breach and violation of contract, and require it to pay all damages.

72.     As a direct result of CPSI's violation and breach of the contracts, Plaintiffs and the Florida Class have been damaged.

73.     Plaintiffs and the Florida Class are entitled to damages equal to their unpaid regular wages which are not recoverable under the FLSA.

74.     Plaintiffs and the Florida Class are entitled to an award of their reasonable attorney's fees and litigation costs pursuant to Fla. Stat. § 448.08.

75.     Plaintiffs and the Florida Class are entitled to an award of their pre- and post-judgment interest as provided by law.

WHEREFORE, on Count II of this Complaint, Plaintiffs demand judgment against CPSI and pray for (1) monetary damages to all Florida Class members; (2) attorney's fees; (3) litigation costs; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II – UNJUST ENRICHMENT

76.     Plaintiffs repeat, reallege and incorporate by reference each of the foregoing allegations as though fully set forth herein.

77.     The Florida Class provided labor to CPSI and thereby conferred benefits on CPSI.

78.     CPSI appreciated the benefits and/or had knowledge of the benefits.

15

79.     CPSI accepted and retained the benefits in circumstances that render such retention inequitable for CPSI to retain that benefit without paying the value thereof.

80.     CPSI has thereby been unjustly enriched and/or Plaintiffs and the Florida Class have been damaged.

81.     Plaintiffs and the Florida Class are entitled to damages equal to their unpaid regular wages which are not recoverable under the FLSA.

82.     Plaintiffs and the Florida Class are entitled to an award of their reasonable attorney's fees and litigation costs pursuant to Fla. Stat. § 448.08.

83.     Plaintiffs and the Florida Class are entitled to an award of their pre- and post-judgment interest as provided by law.

WHEREFORE, on Count III of this Complaint, Plaintiffs demand judgment against CPSI and pray for (1) monetary damages to all Florida Class members; (2) attorney's fees; (3) litigation costs; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(Mo. Bar # 41315)
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**ARCADIER, BIGGIE & WOOD, PLLC**
*/s/ Joseph C. Wood*
Joseph C. Wood (FL Bar #0093839)
2815 W. New Haven, Suite 303 & 10620
Melbourne, Florida 32904
Telephone: (321) 953-5998
wood@melbournelegalteam.com

### ATTORNEYS FOR PLAINTIFF