UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCOIS RENIA and
ETHAN MERBAUM,

        Case No. 6:19-cv-01724-ORL-41 DCI

        Plaintiffs,

v.

CURTIS PROTECTIVE SERVICES, INC.,

        Defendant.

_____/

## PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs move the Court *in limine* to exclude certain evidence and argument from trial:

**1.  Evidence and Argument Regarding Plaintiffs' Lack of Recordkeeping**

The pre-split Fifth Circuit held that Section 11(c) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 211(c), "places on the employer the obligation of keeping accurate records of the hours worked by his employees, ***and the employer cannot transfer his statutory duty to his employees***." *Goldberg v. Cockrell*, 303 F.2d 811, 812 n.1 (5th Cir. 1962) (emphasis added); *see also, e.g., Sullivan v. PJ United, Inc.,* 362 F.Supp.3d 1139, 1148 (N.D. Ala. Jul. 19, 2018) (recognizing that employer's argument that its employees keep accurate time records "has long since been condemned"); *see also, e.g., Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 363 (2d Cir. 2011) ("…once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours. Accordingly, the fact that an employee is required to submit his own timesheets does not necessarily preclude him from invoking *Anderson [v. Mt. Clemens Pottery Co.]'s* standard where those records appear to be incomplete or inaccurate."). Consistent with the controlling authority in *Goldberg*, district courts around the nation hold that the "burden to

1

maintain accurate records falls on the employer regardless of whether the employee is responsible for recording his own hours on a time sheet." *Brennan v. Qwest Commun's. Int'l., Inc.*, 727 F.Supp.2d 751, 762 (D. Minn. 2010); *see also Ellerd v. County of L.A.*, 2012 U.S. Dist. LEXIS 35474, *18 (C.D. Cal. Mar. 14, 2012) (same); *Skelton v. Am. Intercontinental Univ. Online*, 382 F.Supp.2d 1068, 1071-72 (N.D. Ill. 2005) ("The FLSA makes clear that employers, not employees, bear the ultimate responsibility for ensuring that employee time sheets are an accurate record of all hours worked by employees.").

Because Plaintiffs' had no duty to create or keep records of their work time, any evidence or argument regarding their "failures" to do so is wholly irrelevant, and should therefore be excluded under Fed. R. Evid. 401. Such argument would contradict binding precedent holding that employers cannot shift their recordkeeping duty to employees. *Goldberg*, 303 F.2d at 812 n.1.

Moreover, any argument that Plaintiffs were required to keep their own work time would clearly result in unfair prejudice, confuse the issues, mislead the jury about the applicable legal standard, cause undue delay, and waste time. The jury will inevitably assign undue weight to legally-incorrect arguments and evidence showing that Plaintiffs should have, or failed to, document their work time. Applying Fed. R. Evid. 403, the probative value of Defendant arguing to a jury that Plaintiffs failed to keep work time records (if any probative value at all), is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

## 2.   Evidence and Argument About Events Related to Plaintiff Renia's Termination of Employment.

Plaintiff Renia does not assert any claim for wrongful termination. Defendant terminated her because of a dispute with a supervisor during her final shift, which the supervisor video recorded. The events shown on video admittedly reflect poorly on Ms. Renia, including repeatedly refusing

the supervisor's instruction, belligerence and passing gas.  However, that incident is wholly immaterial to her claim for unpaid overtime wages.  Such circumstances of Plaintiff's termination should be excluded as irrelevant under Fed. R. Evid. 401 and excluded under Fed. R. Civ. P. 403 as the probative value of such evidence, if any at all, is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.  *Id.*

In *Haught v. U.S. Eng'g. Contrs. Corp.,* the plaintiffs sought to exclude evidence showing that the plaintiffs were terminated and the circumstances surrounding their terminations.  2009 U.S. Dist. LEXIS 2255, *2 (S.D. Fla. Jan. 6, 2009).  *Haught* granted the plaintiffs' motion in *limine*, holding that that "whether Plaintiffs may have been fired, … whether Plaintiff Gochenouer used drugs during working and non-working hours is irrelevant to whether Defendants violated the FLSA." *Id.*, 2009 U.S. Dist. LEXIS 2255, at *9; *accord Rasberry v. Columbia Cty.,* 385 F.Supp. 3d 792, 797-98 (W.D. Ark. Apr. 4, 2019), (granting motion in limine in FLSA claim to the extent the defendant sought to use evidence of the plaintiffs' bad behavior and job performance as "a means of attacking the veracity of their claims" for overtime wages because that is "impermissible character evidence as contemplated by the Federal Rules of Evidence"); *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 372 (S.D.N.Y. 2007) ("I fail to see why the circumstances of Iglesias-Mendoza's termination are relevant to whether he was paid overtime wages or less than the minimum wage during the period while he was employed. Indeed, I am prepared to rule today that such evidence is irrelevant and will not be considered by the court.").

3.  **Evidence and Argument About Reasons for Plaintiff Merbaum's Termination of Employment.**

In its fourth affirmative defense, Defendant expressly denies ever terminating Plaintiff Merbaum. ECF Doc. # 35, at 5, ¶ 4 ("Assuming Plaintiff Merbaum was terminated, which is denied…"); *see also* Ex. 1, 142:10-15 ("Q. I mean, did anybody consider those difficulties with

his behavior and conduct in deciding to terminate his employment?   A. Well, he wasn't terminated…").   Rather, Defendant contends that Mr. Merbaum stopped coming to work.  *Id.*, 136:12-16 ("Q.  Who made the decisions that Mr. Merbaum would no longer work at CPSI?  A. That decision was never made.  Q.  Did Mr. Merbaum just stop coming to work?  A.  Just stopped coming to work.").  Thus, any potential reasons for terminating Mr. Merbaum which Defendant may identify should be excluded as irrelevant under Fed. R. Evid. 401.  Such reasons should also be excluded pursuant to Fed. R. Evid. 403 as the probative value of Defendant arguing to a jury that it had reasons to terminate Mr. Merbaum (if any probative value at all), is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.  *See, e.g., Vess v. MTD Consumer Grp., Inc.,* 2018 U.S. Dist. LEXIS 25844, *23-24 (N.D. Miss. Feb. 16, 2018) (holding that the plaintiff's "quality as an employee is irrelevant to the pretext inquiry because he was not terminated due to his work performance."); *Hood v. Hawker Beechcraft Corp.,* 2011 U.S. Dist. LEXIS 25189, *2 (D. Kan. Mar. 11, 2011) ("Plaintiff's job performance is not relevant to the issues that the jury will decide. Plaintiff was not terminated for her job performance or lack thereof. Plaintiff's motion [in limine] is sustained."); *Id.*, at *3 (finding that evidence of plaintiff's prior violations of employer's rules "would be outweighed by potential jury confusion.") (citing Fed. R. Evid. 403).

4.     **Evidence and Argument Regarding an Unsworn Statement Prepared For the Purpose of This Litigation**

Defendant produced an unsworn statement by their supervisor, Matthew Tulip, accusing Plaintiff Merbaum of missing a shift and not responding to telephone calls.  The statement appears in an email written about 10 months after the conclusion of Mr. Merbaum's employment.  Ex. 2. In deposition, John Campbell, Defendant's owner and Rule 30(b)(6) designee, testified that the statement was prepared for the purpose of this litigation.  Ex. 1, 137:12-138:25 ("Q. What led up

to Mr. Tulip writing this e-mail?  A.  I probably asked him for clarification on Merbaum.  Q. Why did you do that?  A.  Probably because of this civil suit.  Q.   Probably because of what?  A. Because of this civil suit.").

The business records exception to the hearsay rule would apply, except for fact that Mr. Tulip's statement was admittedly written for the purpose of this litigation.  *Palmer v. Hoffman,* 318 U.S. 109, 114 (1943) (holding that reports prepared for the purpose of litigation do not fall within the business records  exception to the hearsay rule as they are not kept in the course of regularly conducted business"); *Colorificio Italiano Max Mayer, S.P.A. v. S/S Hellenic Wave,* 419 F.2d 223, 225 (5th Cir. 1969) (similar); *U.S. v. Stinson,* 2016 U.S. Dist. LEXIS 136503, *25 (M.D. Fla. Aug. 26, 2016) ("audit reports made in the course of regular business activity may be admissible under the business records exception, unless the audit reports were prepared for the purpose of litigation") (citing *U.S. v. Frazier,* 53 F.3d 1105, 1110 (10th Cir. 1995)); *see also, e.g., Robbins v. Aleutian Queen Seafood,* 1994 U.S. App. LEXIS 1948, *6 (9th Cir. 1994) ("if Early's statement were indeed recorded for the purpose of litigation, it would make the business records exception inapplicable").  Thus, that statement should be excluded as pure hearsay.  Also, allowing admission of that statement would effectively prohibit Plaintiffs' counsel from their right to cross-examine Mr. Tulip.

**5.     Evidence and Argument that Plaintiff Renia Waived her FLSA Claim and / or is Estopped From Pursuing Her FLSA Claim Because of Failure to Complain Prior to this Litigation**

Defendant asserts waiver and estoppel affirmative defenses based on Plaintiff Renia's purported failures to complain about non-payment of wages and failures to seek payment prior to filing suit. However, those are implied waiver defenses that courts, including this District, repeatedly find non-cognizable in FLSA claims.  In *Saxon v. W. Coast Drywall Constr., Inc.,* the

employer alleged as an affirmative defense that "[the plaintiff] accepted wage payments from [the employer], including additional bonuses, and never complained to [the employer] about the amount of compensation" and "[b]y accepting all payments, [the plaintiff] has waived his right to bring the instant action."  2008 U.S. Dist. LEXIS 134442, *3 (M.D. Fla. May 20, 2008).  This District has stricken that affirmative defense because "[t]he FLSA provisions are mandatory, are not subject to negotiation or bargaining between employers and employees, and are not subject to waiver."  *Id.*, at *4 (citing *Groves v. Patricia J. Dury, M.D., P.A.,* 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. Sept. 1, 2006) (citing *Lynn's Food Stores, Inc. v. U.S. DOL*, 679 F.2d 1350, 1352 (11th Cir. 1982)).

Decisions from around the nation likewise refuse to recognize a defense to an FLSA claim based on failure to previously complain about pay.  *See, e.g., Reich v. Stewart,* 121 F.3d 400, 407 (8th Cir. 1997) ("the fact that [the employee] did not seek overtime pay is irrelevant because [he] cannot waive his entitlement to FLSA benefits."); *Bedasie v. Ms. Z Towing, Inc.,* 2017 U.S. Dist. LEXIS 43973, *63 n.33 (E.D.N.Y. Mar. 24, 2017) ("To the extent that defendants have argued that plaintiffs never complained about not receiving proper pay, the law is clear that an employee may not waive the right to overtime under the FLSA; such a concept would "nullify the purposes of the [FLSA] and thwart the legislative policies it was designed to effectuate.").

These decisions are fully consistent with this District's many express recognitions that FLSA plaintiffs cannot waive their claims, either through express or implied waiver.  *See, e.g., Ramos-Rivera v. Redrock Travel Grp., LLC,* 2019 U.S. Dist. LEXIS 88383, *5-6 (M.D. Fla. Apr. 29, 2019) (striking affirmative defense to FLSA claim based on waiver); *Schmidt v. Wells Fargo Bank, N.A.,* 2020 U.S. Dist. LEXIS 61779, *6 (M.D. Fla. Apr. 8, 2020) ("the Court may strike a waiver affirmative defense in a Fair Labor Standards Act case because that defense is never available in

such a case."); *see also, e.g., Moore v. Live Cheap, LLC,* 2015 U.S. Dist. LEXIS 183004, *3-4

(S.D. Fla. Aug. 26, 2015) ("It is well established that a waiver defense is not appropriate under the

FLSA because an individual cannot waive entitlement to FLSA benefits.").

Thus, any evidence or argument about Claimant Renia's failure to complain about her pay

prior to filing suit should be excluded as wholly irrelevant under Fed. R. Evid. 401.  Moreover,

such evidence and argument should be excluded under Fed. R. Evid. 403 as the probative value of

Defendant arguing to a jury that Ms. Renia failed to complaint prior to filing suit (if any probative

value at all), is substantially outweighed by a danger of unfair prejudice, confusing the issues,

misleading the jury, undue delay and wasting time.

**6.    Evidence and Argument that Defendant is Exculpated By A Policy of Not Paying for Unscheduled Work Time**

Defendant has argued in this litigation that it is exculpated by a purported policy of ***not paying***

for work outside of scheduled work time.  *See, e.g.,* ECF Doc. # 50, at 8 (arguing that "Defendant

paid both Plaintiffs for the time noted on their timesheets that was actually scheduled to be

worked."), *id.,* at 10 (arguing that "Plaintiff Renia cannot overcome all the questions of fact on her

overtime claim for purposes of 29 U.S.C. § 216.  In fact, Plaintiff Renia was not to work over her

scheduled shifts.").  Specifically, Defendant claimed no duty to pay for overtime work performed

outside of scheduled shift times because it maintains a policy against working outside of those

shift times.  However, the applicable regulation provides:

> In all such cases it is the duty of the management to exercise its control and see that
> the work is not performed if it does not want it to be performed. It cannot sit back
> and accept the benefits without compensating for them. ***The mere promulgation of
> a rule against such work is not enough***. Management has the power to enforce the
> rule and must make every effort to do so.

29 C.F.R. § 785.13 (emphasis added).  Thus, the Eleventh Circuit, following § 785.13, holds that

"the mere promulgation of a rule against such work is not enough. Management has the power to

enforce the rule and must make every effort to do so." *Reich v. Dep't. of Conservation & Nat. Res.,* 28 F.3d 1076, 1083 (11th Cir. 1994).

In *Keeler v. Fla. Dep't. of Health,* this District explained:

> "Employ" is defined as including "to suffer or permit work," 29 U.S.C. § 203(g), and "[w]ork not requested but suffered or permitted is work time," 29 C.F.R. § 785.11. Further, it is the duty of management to exercise its control and see that work is not performed if it does not want it to be performed, and ***the mere promulgation of such a rule is not enough***. 29 C.F.R. § 785.13.

682 F.Supp.2d 1302, 1309 n. 5 (M.D. Fla. Dec. 8, 2009).

In *Fletcher v. Universal Tech. Inst., Inc.,* this District explained:

> …an employer may not escape liability for uncompensated overtime work of which the employer has actual or constructive knowledge merely by prohibiting overtime labor, *Reich*, 121 F.3d at 407, because an employer's "mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." *Reich*, 28 F.3d at 1082 (citing 29 C.F.R. § 785.13) (internal quotations omitted).

2006 U.S. Dist. LEXIS 39705, *20-21 (M.D. Fla. Jun. 15, 2006); *see also, e.g., Juan v. Hillsborough Cnty.,* 2006 U.S. Dist. LEXIS 73159, *11 (M.D. Fla. Oct. 6, 2006) ("It is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.") (citing 29 C.F.R. § 785.13; *Fletcher,* 2006 U.S. Dist. LEXIS 39705, at *20-21 (quoting *Reich*, 28 F.3d at 1082)); *U.S. DOL v. Cole Enters., Inc.,* 62 F.3d 775, 779-80 (6th Cir. 1995) (holding that pre- and post-shift work performed by restaurant servers is compensable notwithstanding restaurant's supposed policy of not requiring such work).

Thus, any evidence or argument about Defendant's purported lack of duty to pay for work performed outside of scheduled work times should be excluded as wholly irrelevant under Fed. R. Evid. 401. Moreover, such evidence and argument should be excluded under Fed. R. Evid. 403 as

the probative value of Defendant arguing to a jury that it had no duty to pay Ms. Renia for work performed outside of scheduled work time (if any probative value at all), is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

### 7.   Evidence and Argument that Defendant Is Exculpated By A Policy Of Not Paying for Unapproved Overtime Work

This District has squarely rejected Defendant's improperly asserted defense that it need not compensate Ms. Renia for her overtime work when overtime work was not approved.  *See, e.g.,* ECF Doc. # 50, at 18 (arguing that "these hours alleged for overtime payment were not previously approved…"); *id.*, at 19 ("Defendant also reasserts that any changes made to Plaintiff Renia's timesheets were made because she was not approved to work over her scheduled time.").   In *Edmund v. City of Ft. Myers,* the employer, like here, argued that it had "an overtime policy that requires prior approval before overtime work can be conducted" and therefore "any uncompensated overtime work was in contravention of this policy, and therefore [the plaintiff] is not entitled to compensation under the FLSA." 2012 U.S. Dist. LEXIS 1424, *14 (M.D. Fla. Jan. 5, 2012).[1]  This District rejected the employer's reliance on its requirement for pre-approval of overtime, explaining that under 29 C.F.R. § 785.13 provides the following rule:

> In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

*Id.*, at *14-15.   Thus, this District held that the employer's requirement for pre-approval of overtime was insufficient to defeat an FLSA claim. *Id.*, at *15. The same result applies here.

---

[1] Unlike here, the employer in *Edmund* presented the actual policy document to the court.  2012 U.S. Dist. LEXIS 1424, at *14.

For these reasons, any evidence or argument about Defendant's purported lack of duty to pay for unapproved overtime work should be excluded as wholly irrelevant under Fed. R. Evid. 401. Moreover, such evidence and argument should be excluded under Fed. R. Evid. 403 as the probative value of Defendant arguing to a jury that it had no duty to pay Ms. Renia for unapproved overtime work (if any probative value at all), is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**8.      Evidence and Argument About Setoffs**

Although Defendant never pled an affirmative defense or counterclaim based on setoff, Defendants recently argued that it is entitled to setoffs against Plaintiffs' recovery in this action, such as a setoff against Mr. Merbaum's recovery for failure to return his work uniform. However, setoff, when allowed in an FLSA claim, is an affirmative defense that Defendant waived by failing to plead. *See, e.g., Demezier v. Ravede Ins. Agency, Inc.,* 2010 U.S. Dist. LEXIS 13861, *5-6 (S.D. Fla. Feb. 18, 2010) (citing *In re Holywell Corp.,* 913 F.2d 873, 881 n.13 (11th Cir. 1990) holding that a defendant waives affirmative defenses that he or she fails to assert in a pleading)). Moreover, claims for setoff are not cognizable in FLSA claims unless there is an issue of overpayment, which is not present in this case. *Sauder v. Badalamenti,* 2017 U.S. Dist. LEXIS 45399, *4 n.2 (M.D. Fla. Mar. 8, 2017) ("set-offs are not permitted in FLSA cases lacking an overpayment issue").

**9.      Reference to Attorney's Fees and Costs.**

District courts within this Circuit have consistently excluded evidence and argument regarding attorney's fees and litigation costs in FLSA claims. *Gordils v. Ocean Drive Limousines, Inc.,* 2014 U.S. Dist. LEXIS 140310, *2-3 (S.D. Fla. Oct. 2, 2014); *Dingman v. Cart Shield USA, LLC,* 12-20088-CIV, 2013 U.S. Dist. LEXIS 93551, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering

defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.,* No. 09-21569-CIV, ECF No. 126, 2013 U.S. Dist. LEXIS 188901 (S.D. Fla. Mar. 27, 2013) (same); *Orellana v. Tecta Am. S. Fla., Inc.,* 2011 U.S. Dist. LEXIS 162969, *5 (S.D. Fla. May 23, 2011) (excluding references to attorney's fees and costs as inadmissible); *Vergara v. Davis Bancorp, Inc.,* 2010 U.S. Dist. LEXIS 151929, *2-3 (S.D. Fla. Nov. 19, 2010) ("The Court finds any reference to attorneys fees [and] costs … would have no probative value during the trial as these are issues for the Court to determine post-trial. Accordingly, the motion in limine shall be granted on this issue.").

As the *Gordils* court explained:

> Defendants contend that they should be able to refer to attorneys' fees in closing argument "[i]f enough evidence is presented at trial." (DE 146) (citing *Palma v. Safe Hurricane Shutters, Inc.,* No. 07-22913-CIV-AMS, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011)). But there is no legal basis for referring to attorneys' fees and costs at trial. Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer. See 29 U.S.C. § 216(b). Additionally, the Eleventh Circuit's current pattern jury instructions removed instructions on attorneys' fees and costs which had previously been included. Therefore *Palma*, on which Defendants rely, is inapplicable. That court allowed the defendants to refer to attorneys' fees and costs "only in their closing argument and limited to the instruction." *Palma,* 2011 WL 6030073, at *1. The instruction has changed. There is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury. *Dingman v. Cart Shield USA, LLC,* 12-20088-CIV, 2013 U.S. Dist. LEXIS 93551, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.,* No. 09-21569-CIV, ECF No. 126, 2013 U.S. Dist. LEXIS 188901 (S.D. Fla. Mar. 27, 2013) (same). The parties must not refer to attorneys' fees and costs before the jury.

2014 U.S. Dist. LEXIS 140310, at *2-3. Accordingly, any references to attorney's fees and costs should be excluded.

## 10.   Reference to Liquidated Damages

District courts within this Circuit have also repeatedly barred references to liquidated damages in FLSA claims. *Gordils,* 2014 U.S. Dist. LEXIS 140310, at *3-5; *Dingman,* 2013 U.S. Dist.

LEXIS 93551 ("there is no legal basis to allow [Defendant] Cart Shield to refer to liquidated

damages at trial"), at *3-4; *Vergara,* 2010 U.S. Dist. LEXIS 151929, at *2-3 ("The Court finds

any reference to … liquidated damages would have no probative value during the trial as these are

issues for the Court to determine post-trial. Accordingly, the motion in limine shall be granted on

this issue."); *Palma v. Safe Hurricane Shutters, Inc.,* 2011 U.S. Dist. LEXIS 159087, *5 (S.D. Fla.

Oct. 24, 2011).  *Gordils* explains:

> Under the FLSA, Plaintiffs are entitled to liquidated damages if Defendants did not
> act in good faith. See 29 U.S.C. § 260. If a jury finds that Defendants acted willfully,
> then the Court must award liquidated damages in an amount equal to the
> compensatory damages awarded, which doubles the total damages award. *Alvarez
> Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1166 (11th Cir. 2008).
> "The willfulness or good faith question is answered first by the jury . . . and then,
> if there is a verdict for the employee, again by the judge to determine whether to
> award liquidated damages." 11th Cir. Civil Pattern Jury Instructions § 4.14 cmt.
> II.B. (2013) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1282 (11th
> Cir. 2008)).
>
> Arguments may be made to the jury about good faith or willfulness so that
> the jury's finding on that issue of fact may form the basis for a Court's awarding
> liquidated damages; but there is no legal basis to allow parties to refer to liquidated
> damages before the jury. See *Dingman,* 2013 U.S. Dist. 93551, 2013 WL 335835,
> at *1 (ordering defendants in an FLSA case not to refer to liquidated damages at
> trial); *Tapia,* No. 09-21569-CIV, ECF No. 126, p. 2 (same); *Palma,* 2011 WL
> 6030073, at *1 (same). Furthermore, it could be unduly prejudicial—with no
> probative value—for the jury to hear that Plaintiffs may be awarded double
> damages if the jury finds that Defendants acted willfully. The parties must not refer
> to liquidated damages before the jury.

2014 U.S. Dist. LEXIS 140310, at *3-5. Accordingly, any references to liquidated damages

should be excluded.

## 11.    Reference to Plaintiffs' Counsel Being from Out of Town

Defendant should be precluded from arguing or referring to Plaintiffs' counsel as being from

out-of-town, being from out-of-state or being from another geographic location. Such evidence

and argument is wholly irrelevant, and can only be prejudicial.  Fed. R. Evid. 401 & 403. For that

reason, courts around the nation regularly exclude such argument and evidence. *See, e.g., Williams v. Hargrove,* 2018 U.S. Dist. LEXIS 40840, *14 (S.D. Miss. Mar. 13, 2018) (granting motion in *limine* based on finding that references to counsel being from out of town "would be improper"); *Lemmons v. York Int'l. Corp.,* 2013 U.S. Dist. LEXIS 81941, *1 (D. Kan. Apr. 24, 2013) (granting motion in *limine* because counsel being "from out of state [is] irrelevant."); *Palmer v. Lampson Int'l., LLC,* 2012 U.S. Dist. LEXIS 190281, *13-14 (D. Wyo. Nov. 28, 2012) (granting "motion in *limine* to exclude any commentary that Plaintiffs' attorneys are from out of state because such commentary would be irrelevant…").

**12. Conclusion**

The Court should exclude evidence and argument per the above explanations.

Respectfully submitted,

**ARCADIER, BIGGIE & WOOD, PLLC**
Joseph C. Wood (FL Bar #0093839)
2815 W. New Haven, Suite 303 & 304
Melbourne, Florida  32904
Telephone: (321) 953-5998
wood@melbournelegalteam.com

**WEINHAUS & POTASHNICK**
*/s/ Mark Potashnick*
Mark A. Potashnick (Mo. Bar # 41315)
(admitted *pro hac vice*)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the forgoing was filed with the Clerk of Court by using the

CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter

on this 1st day of September, 2021.


<u>/s/ Mark Potashnick</u>

14